IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CORRECT TRANSMISSION, LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>NOKIA OF AMERICA CORPORATION,<br><br>*Defendants*. | CIVIL ACTION NO. 2:22-cv-00343-JRG-RSP<br><br>JURY TRIAL DEMANDED |

**NOKIA'S MOTION FOR PARTIAL SUMMARY JUDGMENT
OF NO PRE-SUIT WILLFUL INFRINGEMENT OR INDIRECT INFRINGEMENT**

**TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................................................. 1

II.    STATEMENT OF ISSUES TO BE DECIDED BY THE COURT ....................................... 1

III.    STATEMENT OF UNDISPUTED MATERIAL FACTS ("SUMF") .................................. 1

IV.    LEGAL STANDARD............................................................................................................ 4

V.    ARGUMENT ........................................................................................................................ 5

    A.    Correct Transmission Cannot Prove Pre-Suit Willfulness............................................ 5

    B.    Correct Transmission Cannot Prove Pre-Suit Induced Infringement ......................... 8

    C.    Correct Transmission Cannot Prove Pre-Suit Contributory Infringement ................. 9

VI.    CONCLUSION................................................................................................................... 10

## TABLE OF AUTHORITIES

**Cases**

*Allergan Sales, LLC v. Sandoz, Inc.*,
   211 F. Supp. 3d 907 (E.D. Tex. Sept. 30, 2016) ............................................................. 7

*Amsted Indus. v. Buckeye Steel Castings Co.*,
   24 F.3d 178 (Fed. Cir. 1994) ........................................................................................... 7

*Arigna Tech. Ltd. v. Nissan Motor Co., Ltd. et al.*,
   No. 2:22-cv- 00126-JRG-RSP, Dkt. No. 296 (E.D. Tex. Oct. 5, 2022) ......................... 7

*Aro Mfg. Co. v. Convertible Top Replacement Co.*,
   377 U.S. 476 (1964) ........................................................................................................ 5

*Bayer Healthcare LLC v. Baxalta Inc.*,
   989 F.3d 964 (Fed. Cir. 2021) ................................................................................ 5, 6, 7

*Celotex Corp. v. Catreet*,
   47 U.S. 317 (1986) .......................................................................................................... 5

*Commil USA, LLC v. Cisco Sys.*,
   575 U.S. 632 (2015) ........................................................................................................ 5

*DSU Med. Corp. v. JMS Co.*,
   471 F.3d 1293 (Fed. Cir. 2006) ....................................................................................... 8

*Dunlap v. Schofield*,
   152 U.S. 244 (1894) ........................................................................................................ 7

*Evolved Wireless, LLC v. Samsung Elecs. Co.*, Ltd.,
   No. 15-545-SLR-SRF, 2016 U.S. Dist. LEXIS 32794 (D. Del. Mar. 15,
   2016) ............................................................................................................................... 5

*Fractus v. TCL Corp.*,
   No. 2:20-CV-00097-JRG, 2021 U.S. Dist. LEXIS 114011 (E.D. Tex. June 2,
   2021) ............................................................................................................................... 7

*Fujitsu Ltd. v. Netgear Inc.*,
   620 F.3d 1321 (Fed. Cir. 2010) ....................................................................................... 8

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
   136 S. Ct. 1923 (2016) .................................................................................................... 5

*Intellectual Ventures I LLC v. Toshiba Corp.*, 66 F. Supp. 3d 495 (D. Del. 2014) ............................. 6

*Intellectual Ventures II LLC v. Sprint Spectrum, L.P.*,
   No. 2:17-cv-00662-JRG-RSP, 2019 U.S. Dist. LEXIS 75058 (E.D. Tex. Apr. 12,
   2019) .................................................................................................................................. 5

*Kirsch Rsch. & Dev., LLC v. Tarco Specialty Prod., Inc.*,
   2021 U.S. Dist. LEXIS 191685, at *6-7 (W.D. Tex. Oct. 4, 2021) ............................................ 6

*Radware, Ltd. v. A10 Networks, Inc.*,
   2013 U.S. Dist. LEXIS 136942, at *7-9 (N.D. Cal. Sept. 24, 2013) .......................................... 6

*Synqor, Inv. v. Artesyn Techs., Inc.*,
   709 F.3d 1365 (Fed. Cir. 2013) ................................................................................................. 9

*Vita-Mix Corp. v. Basic Holding, Inc.*,
   581 F.3d 1317 (Fed. Cir. 2009) ............................................................................................. 5, 8

**Statutes**

35 U.S.C. § 271(b) ................................................................................................................. 5, 8, 9

**Rules**

Fed. R. Civ. P. 56(a) ....................................................................................................................... 4

## TABLE OF EXHIBITS

| Exhibit No. | Description |
|---|---|
| Ex. 1 | Plaintiff Correct Transmission's, LLC's Supplemental Objections and Responses to Nokia First Set of Interrogatories (November 15, 2023) ("Correct Transmission's Suppl. Interrogatory Responses") |
| Ex. 2 | February 17, 2017 Letter from Orckit IP to Nokia Corp. and all attachments ("Orckit Letter") |
| Ex. 3 | Transcript of Deposition of Dhiren Patel (October 18, 2023) ("Patel Tr.") |
| Ex. 4 | Transcript of Deposition of Jeremy Pitcock (November 21, 2023) ("Pitcock Tr.") |
| Ex. 5 | Orckit000016 |
| Ex. 6 | Opening Report of Dr. Ricardo Valerdi (November 22, 2023) ("Valerdi Opening Report") |
| Ex. 7 | Rebuttal Report of Dr. Bill Lin (December 15, 2023) ("Lin Rebuttal Report") |
| Ex. 8 | Correct Transmission, LLC's Initial Disclosure of Asserted Claims and Infringement Contentions (December 1, 2022) ("Correct Transmission's Prelim. Inf. Conts.") |

## I. INTRODUCTION

Correct Transmission cannot prove pre-suit willful infringement or indirect infringement because it has failed to adduce any evidence showing that Nokia had the requisite pre-suit knowledge of infringement or specific intent to infringe. Nor is there any evidence that Correct Transmission ever notified Nokia of infringement of any of the Asserted Patents prior to filing suit. Accordingly, Nokia is entitled to summary judgment of no pre-suit willful infringement and no pre-suit indirect infringement.

## II. STATEMENT OF ISSUES TO BE DECIDED BY THE COURT[1]

1. Whether Correct Transmission has failed as a matter of law to adduce evidence sufficient to show pre-suit willful infringement.

2. Whether Correct Transmission has failed as a matter of law to adduce evidence sufficient to show pre-suit indirect infringement of any of the Asserted Patents.

## III. STATEMENT OF UNDISPUTED MATERIAL FACTS ("SUMF")

1. Correct Transmission filed its Complaint on September 2, 2022 alleging infringement of U.S. Patent Nos. 6,876,669 (the "'669 patent"), 7,127,523 (the "'523 patent"), 7,283,465 (the "'465 patent"), 7,768,928 (the "'928 patent"), and 7,983,150 (the "'150 patent") (collectively, the "Asserted Patents") by certain of Nokia's 7xxx series of routers and switches. Dkt. 1., ¶¶ 20, 21-55, 56-85, 86-117, 118-147, 148-181.

2. Correct Transmission's Complaint includes allegations of pre-suit willfulness and indirect infringement for each of the Asserted Patents. *See, e.g.*, Dkt. 1, ¶¶ 38-54, 75-84, 101-116, 132-146, 165-180.

---

[1] Although this motion is limited to certain elements of Correct Transmission's willful and indirect infringement claims, Nokia denies that Correct Transmission can prove the remaining elements of willful, induced, and/or contributory infringement of any Asserted Patent.

3. Correct Transmission's allegations of pre-suit knowledge of the Asserted Patents rely on a February 27, 2017 letter from Orckit IP to Nokia (the "Orckit Letter") "which included a schedule of Orckit's patent portfolio." Dkt. 1, ¶¶ 70, 132, 165; Ex. 1 (Correct Transmission's Suppl. Rog. Responses) at 22.

4. ███████████████████████████████████████████████████████████████████████████████████████████████████████

5. ███████████████████████████████████████████████████████████████████████████████████████████████████████

6. U.S. Patent No. 7,773,508 is not asserted in this case. *See* Dkt. 1, ¶¶ 20, 21-55, 56-85, 86-117, 118-147, 148-181.

7. ███████████████████████████████████████████████████████████████████████████████████████████████████████

8. ███████████████████████████████████████████████████████████████████████████████████████████████████████

9. ███████████████████████████

██████████████████████████████████████████████████████

10. Besides U.S. Patent No. 7,773,508, which is not asserted in this case, Mr. Patel testified that ████████████████████████████████████████████████████████

████████████████████████████████████████

11. ████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

12. ████████████████████████████████████████████████████████

████████████████████████████████

13. Prior to filing the Complaint in this action, Orckit IP never alleged that Nokia infringed any claim of the Asserted Patents. ████████████████████████████

██████

14. Prior to filing the Complaint in this action, Orckit IP never identified any Nokia product that allegedly infringed any claim of the Asserted Patents. ████████████████

████████████████

15. Orckit IP never informed Nokia that it needed a license to the Asserted Patents. ██

████████████████████████████████

16. The earliest that Correct Transmission alleges that Correct Transmission notified Nokia of its infringement of the Asserted Patents is the filing of the Complaint. Ex. 1 (Correct Transmission's Suppl. Rog. Responses) at 22; Ex. 8 (Plaintiff's Disclosure of Asserted Claims and Infringement Contentions) at 3.

17. ████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

18. Correct Transmission's allegations of pre-suit knowledge of the patents also state that "Nokia knew of Orckit's patent portfolio including the Asserted Patents because Orckit's

3

███████████████████████████████████████████████

networking equipment was marked with the Asserted Patents." Ex. 1 (Correct Transmission's Suppl. Rog. Responses) at 22.

19. The marking documents cited by Correct Transmission show that Orckit's networking equipment was not marked with the '928 Patent or the '150 Patent. Ex. 5 (Orckit000016).

20. ████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████

21. The "EP counterpart," EP 2 044 709 B1, is owned by Mala Technologies Ltd. ("Mala"). Ex. 4 (Pitcock Tr.) at 101:21-102:16.

22. ████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████

23. ████████████████████████████████████████

████████████████████████████████████████████████

24. ████████████████████████████████████████

████████████████████████████████████████

25. ████████████████████████████████████████

████████████████████████████████████████████████

████████████████████

## IV. LEGAL STANDARD

"Rule 56 mandates the entry of summary judgment . . . against a party who fails . . . to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catreet*, 47 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(a).

4

To prove pre-suit willful infringement, Correct Transmission must establish that Nokia had pre-suit knowledge of the Asserted Patents and of infringement, and that Nokia had deliberate intent to infringe. *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1933 (2016); *Bayer Healthcare LLC v. Baxalta Inc.*, 989 F.3d 964, 988 (Fed. Cir. 2021) ("willfulness requires deliberate or intentional infringement"). To prove induced infringement, Correct Transmission must prove that Nokia "knew of the patent, knowingly induced the infringing acts, and possessed a specific intent to encourage another's infringement of the patent." *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009); 35 U.S.C. § 271(b). Like induced infringement, contributory infringement requires knowledge of the patent in suit and knowledge of patent infringement." *Commil USA, LLC v. Cisco Sys.*, 575 U.S. 632, 639 (2015) (citing *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 488 (1964)).

## V.  ARGUMENT

### A.  Correct Transmission Cannot Prove Pre-Suit Willfulness

"Knowledge of the asserted patent and evidence of infringement is necessary, but not sufficient, for a finding of willfulness. Rather, willfulness requires deliberate or intentional infringement." *Bayer HealthCare*, 989 F.3d at 988. There is no genuine dispute that Nokia did not have knowledge of infringement or the intent to infringe, both of which are required to prove pre-suit willfulness.[2] It is undisputed that, prior to the Complaint, neither Correct Transmission

---

[2] Nokia also lacked the pre-suit knowledge of the Asserted Patents required to prove willful infringement. *See Intellectual Ventures II LLC v. Sprint Spectrum, L.P.*, No. 2:17-cv-00662-JRG-RSP, 2019 U.S. Dist. LEXIS 75058, at *5 (E.D. Tex. Apr. 12, 2019) ("the infringing party must have knowledge of the patent"). Merely sending a long list of over 70 patents without more does not establish knowledge. *See Evolved Wireless, LLC v. Samsung Elecs. Co.*, Ltd., No. 15-545-SLR-SRF, 2016 U.S. Dist. LEXIS 32794, at *8 (D. Del. Mar. 15, 2016) (dismissing a pre-suit willfulness claim because "a patent included in an appendix containing dozens of patents does not place a defendant on notice of the patents-in-suit"); *see also Intellectual Ventures I LLC v. Toshiba Corp.*, 66 F. Supp. 3d 495, 500 (D. Del. 2014) (rejecting pre-suit knowledge based on general

5

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

nor Orckit IP (i) informed Nokia of any potential infringement of the Asserted Patents, (ii) accused any Nokia product of infringing the Asserted Patents, or (iii) stated that Nokia needed to take a license. SUMF, ¶¶ 8-9, 12-17.

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ *Bayer HealthCare*, 989 F.3d at 988 ("evidence of infringement is necessary"). Rather, the letter was at best a general offer to license. SUMF, ¶¶ 8, 15. Correct Transmission itself never alleges that it gave notice of infringement to Nokia prior to the Complaint. SUMF, ¶ 16. Indeed, Correct Transmission had not even investigated whether Nokia potentially infringed the Asserted Patents until a year before filing the complaint. SUMF, ¶ 17. To the extent that Correct Transmission relies on Orckit products being marked with patent numbers, that would still fail to provide any knowledge of infringement *by Nokia* or by any Nokia product.[4] *See, e.g., Kirsch Rsch. & Dev., LLC v. Tarco Specialty Prod., Inc.*, 2021 U.S. Dist. LEXIS 191685, at *6-7 (W.D. Tex. Oct. 4, 2021) (holding that plaintiff's allegations regarding compliance with the marking statute were insufficient to establish knowledge of the patents-in-suit for purposes of induced and willful infringement); *Radware, Ltd. v. A10 Networks, Inc.*, 2013 U.S. Dist. LEXIS 136942, at *7-9 (N.D. Cal. Sept. 24, 2013) (holding that patent marking provides constructive

---

"discussions" or "a presentation" that could have related to hundreds of plaintiff's patents).

[3] ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

[4] Furthermore, it is undisputed that no products were ever marked with the '928 patent or '150 patent. SUMF, ¶¶ 18-19. Therefore, marking additionally could not support the requisite knowledge of infringement or specific intent to infringe.

knowledge for damages but such allegations are insufficient to meet the actual knowledge standard for induced infringement);

With respect to the '928 patent in particular, ███████████████████████████

███████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████████

███████ There is no evidence or testimony to support that any infringement allegations with respect to EP 2 044 709 in a foreign country would have any relevance to the '928 patent. Further, notice of infringement requires an affirmative act by the *patentee* itself. *See Amsted Indus. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 187 (Fed. Cir. 1994) (citing *Dunlap v. Schofield*, 152 U.S. 244, 248 (1894)) ("[N]otice must be an affirmative act on the part of the *patentee* which informs the defendant of his infringement.") (emphasis added). ███████████████████████████████████████████████████████████████████████████ It is also undisputed that Correct Transmission and Mala are different entities. *Id*. Thus, Mala's assertion of EP 2 044 709 did not provide Nokia with the requisite knowledge or evidence of infringement of the '928 patent, or any other Asserted Patent.

In addition, willfulness requires evidence that Nokia had deliberate intent to infringe. *Bayer HealthCare*, 989 F.3d 964, 988; *Arigna Tech. Ltd. v. Nissan Motor Co., Ltd. et al.*, No. 2:22-cv-00126-JRG-RSP, Dkt. No. 296 at 3 (E.D. Tex. Oct. 5, 2022). Because Nokia did not have knowledge or any evidence of how it allegedly infringed, Nokia could not have the requisite intent to infringe. SUMF, ¶¶ 8-9, 12-17. *See Fractus v. TCL Corp.*, No. 2:20-CV-00097-JRG, 2021 U.S. Dist. LEXIS 114011, at *12 (E.D. Tex. June 2, 2021) (dismissing a claim of willful

infringement that alleged knowledge of the patents but not "any culpable conduct or any set of facts supporting an inference of culpable conduct"). Thus, for at least this additional reason, summary judgment of no pre-suit willfulness is appropriate.

### B. Correct Transmission Cannot Prove Pre-Suit Induced Infringement

"[I]nducement requires that the alleged infringer knowingly induced infringement and possessed the specific intent to encourage another's infringement." *Allergan Sales, LLC v. Sandoz, Inc.*, 211 F. Supp. 3d 907, 921 (E.D. Tex. Sept. 30, 2016) (emphasis added). Correct Transmission cannot prove pre-suit induced infringement because: (i) Nokia did not have the pre-suit knowledge required to knowingly induce infringement, and (ii) Nokia did not have the requisite specific intent.

Inducement, like willfulness, requires that the defendant knowingly induced the infringing acts. *Vita-Mix*, 581 F.3d at 1328. "To establish liability under section 271(b), a patent holder must prove that once the defendants knew of the patent, they 'actively and *knowingly* aid[ed] and abet[ed] another's direct infringement.'" *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006) (emphasis in original). In other words, "a plaintiff must prove that the defendants' 'actions induced infringing acts and that [they] knew or should have known [their] actions would induce actual infringement.'" *Warner-Lambert Co. v. Apotex Corp.*, 316 F.3d 1348, 1363 (Fed. Cir. 2003) (internal citations omitted). "[M]erely knowingly induc[ing] the *acts* that constitute direct infringement" is not sufficient to prove a defendant knowingly induced infringement. *DSU Med. Corp.*, 471 F.3d at 1305 (emphasis in original). As explained above, Nokia did not know and could not have known that its products would infringe any of the Asserted Patents because it is undisputed that, prior to filing the Complaint, neither Orckit nor Correct Transmission informed Nokia that it infringed any of the Asserted Patents or that Nokia needed to take a license. SUMF, ¶¶ 8-9, 12-17. Neither Orckit nor Correct Transmission provided Nokia any evidence of

8

infringement prior to filing the Complaint, and there is no evidence that Nokia independently analyzed whether it infringed any of the Asserted Patents. SUMF, ¶¶ 3-17. Therefore, summary judgment of no pre-suit induced infringement is appropriate.

Additionally, Nokia lacks the specific intent to infringe that is necessary to find induced infringement. *DSU Med. Corp.*, 471 F.3d at 1305 ("The mere knowledge of possible infringement by others does not amount to inducement; specific intent and action to induce infringement must be proven."). It is undisputed that neither Orckit nor Correct Transmission ever notified Nokia of any potential infringement of any of the Asserted Patents prior to this lawsuit, nor did either Orckit or Correct Transmission inform Nokia that a license to any of the Asserted Patents was necessary. SUMF, ¶¶ 8-9, 12-17. Therefore, there is no genuine dispute that Nokia did not have the knowledge or specific intent for any of its products to infringe any of the Asserted Patents. For this additional reason, summary judgment of no pre-suit induced infringement is appropriate.

### C. Correct Transmission Cannot Prove Pre-Suit Contributory Infringement

As with inducement, contributory infringement requires knowledge of infringement. *Synqor, Inv. v. Artesyn Techs., Inc.*, 709 F.3d 1365, 1379 (Fed. Cir. 2013) ("Liability for induced or contributory infringement under § 271(b) or (c) requires 'knowledge that the induced acts constitute patent infringement.'" (internal citations omitted)). There is no genuine dispute that neither Orckit nor Correct Transmission ever notified Nokia of any potential infringement of the Asserted Patents nor informed Nokia that a license to any of its patents was necessary. SUMF, ¶¶ 8-9, 12-17. Neither Orckit nor Correct Transmission provided Nokia any evidence of infringement prior to filing the Complaint, and there is no evidence that Nokia independently analyzed whether it infringed any of the Asserted Patents. SUMF, ¶¶ 3-17. Therefore, Nokia lacked the requisite knowledge that any of its products were especially made or especially adapted for use in an

9

infringement required to find contributory infringement. *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1330 (Fed. Cir. 2010) ("Our case law is clear that [Plaintiff] must show that [Defendants] 'knew that the combination for which its components were especially made was both patented and infringing.'" (internal citations omitted)).  Accordingly, summary judgment of no pre-suit contributory infringement is appropriate.

## VI.   CONCLUSION

Correct Transmission's claims for pre-suit willful infringement and pre-suit indirect infringement fail as a matter of law, and summary judgment should be granted.

▌

DATED: January 5, 2024                          Respectfully submitted,

BY: */s/ Thomas W. Davison*

Deron R. Dacus (TX Bar No. 00790553)
THE DACUS FIRM
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Telephone: (903) 705-7233
Facsimile: (903) 581-2543
Email: ddacus@dacusfirm.com

John D. Haynes (GA Bar No. 340599)
David Frist (GA Bar No. 205611)
Sloane Kyrazis (GA Bar No. 878240)
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309
Telephone: (404) 881-7000
Facsimile: (404) 881-7777
Email: john.haynes@alston.com
Email: david.frist@alston.com
Email: sloane.kyrazis@alston.com

Thomas W. Davison (FL Bar No. 55687)
ALSTON & BIRD LLP
950 F St NW
Washington, DC 20004
Phone: (202) 239-3300
Fax: 202.239.3333
Email: tom.davison@alston.com

M. Scott Stevens (NC Bar No. 37828)
Nicholas C. Marais (NC Bar No. 53533)
Erin Beaton (NC Bar No. 59594)
ALSTON & BIRD LLP
1120 South Tryon Street, Suite 300
Charlotte, NC 28203-6818
Telephone: (704) 444-1000
Facsimile: (704) 444-1111
scott.stevens@alston.com
erin.beaton@alston.com

Darlena Subashi (NY 5780747)
ALSTON & BIRD LLP
2200 Ross Avenue, Suite 2300
Dallas, TX 75201
Telephone: (214) 922-3400
Facsimile: (214) 922-3899
darlena.subashi@alston.com

11

██████████████████████████████

                                    Katherine G. Rubschlager (CA Bar. No. 328100)
                                    ALSTON & BIRD LLP
                                    560 Mission St., Suite 2100
                                    San Francisco, CA 94105
                                    Telephone: (415) 243-1000
                                    Facsimile: (415) 243-1001
                                    Email: katherine.rubschlager@alston.com

                                    *Attorneys for Defendant Nokia of America Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of January, 2024, I electronically filed the foregoing NOKIA'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF NO PRE-SUIT WILLFUL INFRINGEMENT OR INDIRECT INFRINGEMENT with the Clerk of Court using the CM/ECF system, and served the same via electronic mail on all counsel of record.

                                                              */s/ Thomas W. Davison*
                                                              Thomas W. Davison