# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| CORRECT TRANSMISSION, LLC, *Plaintiff*, v. NOKIA OF AMERICA CORPORATION, *Defendants*. | CIVIL ACTION NO. 2:22-cv-00343-JRG-RSP  JURY TRIAL DEMANDED |

**NOKIA'S REPLY IN SUPPORT OF NOKIA'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF NO PRE-SUIT WILLFUL INFRINGEMENT OR INDIRECT INFRINGEMENT**

## TABLE OF CONTENTS

I. CORRECT TRANSMISSION CANNOT SHOW PRE-SUIT KNOWLEDGE OF INFRINGEMENT .......... 1

II. CT FAILED TO ADDUCE ANY EVIDENCE THAT CREATES A DISPUTE OF MATERIAL FACT WITH RESPECT TO PRE-SUIT WILLFUL INFRINGEMENT OF THE '928 PATENT .............. 4

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alexsam, Inc. v. Cigna Corp.*,
   No. 2:20-cv-00081-JRG-RSP), 2021 U.S. Dist. LEXIS 255030, at *6 (E.D. Tex. Sep. 21, 2021) ................................................................................................................1

*Atlas Glob. Techs. LLC v. TP-Link Techs. Co.*,
   No. 21-cv-430-JRG-RSP, 2023 WL 5346030 (E.D. Tex. Aug. 4, 2023) ..........................1, 2, 3

*Global-Tech Appliances, Inc. v. SEB S.A.*,
   563 U.S. 754, 766-68 (2011) ...........................................................................................2

*Info-Hold, Inc. v. Muzak LLC*,
   783 F.3d 1365 (Fed. Cir. 2015) .......................................................................................4

*Kirsch Rsch. & Dev., LLC v. Tarco Specialty Prod., Inc.*,
   2021 U.S. Dist. LEXIS 191685 (W.D. Tex. Oct. 4, 2021) ...............................................2

*Nonend Inventions, N.V. v. Apple Inc.*,
   2016 U.S. Dist. LEXIS 42246 (E.D. Tex. Mar. 11, 2016) ................................................4

*Parthenon Unified Memory Architecture, LLC, v. Apple, Inc.*,
   No. 2:15-cv-621-JRG-RSP, Dkt. 245 (E.D. Tex. Sep. 21, 2016) ..................................4, 5

*Soverain IP, LLC v. Microsoft Corp.*,
   No. 217-CV-00204-RWS-RSP, 2018 WL 1465792 (E.D. Tex. Mar. 26, 2018) ..............3

*Vita Mix Corp. v. Basic Holding, Inc.*,
   581 F.3d 1317 (Fed. Cir. 2009) .......................................................................................2

**Other Authorities**

FED. R. CIV. P. 37(c)(1) ........................................................................................................3

## TABLE OF EXHIBITS

| Exhibit No. | Description |
|---|---|
| Ex. 1 | Plaintiff Correct Transmission's, LLC's Supplemental Objections and Responses to Nokia First Set of Interrogatories (November 15, 2023) ("Correct Transmission's Suppl. Interrogatory Responses") |
| Ex. 2 | February 17, 2017 Letter from Orckit IP to Nokia Corp. and all attachments ("Orckit Letter") |
| Ex. 3 | Transcript of Deposition of Dhiren Patel (October 18, 2023) ("Patel Tr.") |
| Ex. 4 | Transcript of Deposition of Jeremy Pitcock (November 21, 2023) ("Pitcock Tr.") |
| Ex. 5 | Orckit000016 |
| Ex. 6 | Opening Report of Dr. Ricardo Valerdi (November 22, 2023) ("Valerdi Opening Report") |
| Ex. 7 | Rebuttal Report of Dr. Bill Lin (December 15, 2023) ("Lin Rebuttal Report") |
| Ex. 8 | Correct Transmission, LLC's Initial Disclosure of Asserted Claims and Infringement Contentions (December 1, 2022) ("Correct Transmission's Prelim. Inf. Conts.") |

Correct Transmission's ("CT") Opposition ignores the second requirement for willful and induced infringement—namely, that Nokia had knowledge that a particular product allegedly infringed. Instead, CT focuses only the first requirement—that Nokia had knowledge of the Asserted Patents, but that is not the issue raised in Nokia's Motion. As explained below, there is no dispute of material fact that Nokia does not satisfy the elements for willful and indirect infringement, and thus. summary judgment is warranted.[1]

### I.   CORRECT TRANSMISSION CANNOT SHOW PRE-SUIT KNOWLEDGE OF INFRINGEMENT

CT's entire Opposition is premised on an incorrect application of the law. According to CT, "'specific accusations of infringement in pre-suit materials' is *not* a pre-requisite to establishing a claim of pre-suit indirect infringement." Dkt. 140 ("Opp.") at 9-10 (citing *Atlas Glob. Techs. LLC v. TP-Link Techs. Co.*, No. 21-cv-430-JRG-RSP, 2023 WL 5346030, at *4 (E.D. Tex. Aug. 4, 2023) ("*Atlas*")). But CT's reliance on *Atlas* is misplaced. In that case, prior to the lawsuit, the defendant was given notice of plaintiff's "'Standard Essential Patents (SEP) in Wi-Fi 6' under the IEEE 802.11ax standard." *Atlas,* 2023 WL 5346030, at *4. CT's cherry-picked support from *Atlas* ignores the Court's holding that "specific accusations of infringement in pre-suit materials" are not needed "to establish a claim of pre-suit indirect infringement" only "***when there is evidence that the Asserted Patents necessarily cover products that comply with the standard***." *Id*. (emphasis added). Unlike *Atlas*, CT has not alleged that the Asserted Patents are SEPs, nor did the letter in this case contain a reference to any products practicing any standard or any allegation of infringement. Thus, *Atlas* is

---

[1] CT's Opposition does not offer any evidence or argument with respect to (i) contributory infringement or (ii) willful infringement for the '669, '523, '465, and '150 patents. Thus, summary judgment of no pre-suit contributory infringement (for all patents) and willful infringement (for the '669, '523, '465, and '150 patents) is proper as CT has not articulated any dispute of material fact with respect to those issues. *See Alexsam, Inc. v. Cigna Corp.*, No. 2:20-cv-00081-JRG-RSP (Lead), 2021 U.S. Dist. LEXIS 255030, at *6 (E.D. Tex. Sep. 21, 2021) ("The party opposing summary judgment must identify specific evidence in the record and articulate the precise way the evidence supports his or her claim.").

distinguishable from the facts at hand, and its holding is consistent with Federal Circuit precedent that requires that CT establish that Nokia had both pre-suit knowledge of the Asserted Patents and knowledge of alleged infringement, and that Nokia had the specific intent to encourage infringement. *See, e.g., Vita Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009).

CT failed to recite any evidence that shows that Nokia had *knowledge of its alleged infringement of the Asserted Patents*, as opposed to merely knowledge of the existence of the Asserted Patents. This element is only satisfied where an alleged infringer had "knowledge that the induced acts constitute patent infringement" or where the alleged infringer was willfully blind to any infringement. *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766-68 (2011). In its opposition, CT cites various pieces of alleged evidence that it contends establishes pre-suit *knowledge of the mere existence* of the Asserted Patents, then glosses over whether Nokia had knowledge of its alleged infringement of the Asserted Patents in two conclusory sentences. Opp. at 9. As explained below, each piece of "record evidence" cited by CT establishes, at most, knowledge of the *existence* of the Asserted Patents not knowledge of alleged infringement.

First, evidence that the prior owner of the Asserted Patents Orckit-Corrigent marked some of its products ▮▮▮▮▮ with some of the Asserted Patents is insufficient to establish pre-suit knowledge of Nokia's alleged infringement of Nokia products. *Kirsch Rsch. & Dev., LLC v. Tarco Specialty Prod., Inc.*, 2021 U.S. Dist. LEXIS 191685, at *6-7 (W.D. Tex. Oct. 4, 2021) (holding that plaintiff's allegations regarding compliance with the marking statute were insufficient to establish knowledge of the patents-in-suit for purposes of induced and willful infringement). Moreover, there is no evidence that Orckit-Corrigent marked any product with the '928 or '150 patents, so that marking fails to provide notice of even the existence of those two patents. *Id.*

Second, Ms. Bennis's opinion does not establish pre-suit knowledge of infringement. ▮▮▮

2



Third, unlike *Atlas*, where the letter set forth a charge of infringement by providing analysis of a standard for a portfolio of standard essential patents, ███████████████████████████████████████████████████████████████████ *See Atlas*, 2023 WL 5346030, at *4; Mot., SUMF, ¶ 7.

Fourth, CT's reliance on the prosecution history of Nokia's patents carries no weight. CT cannot rely on the prosecution documents that were belatedly produced on the same day its Opposition was filed. *See* FED. R. CIV. P. 37(c)(1) ("If a party fails to provide information…as required by Rule 26(a) or (e), the party is not allowed to use that information…to supply evidence on a motion, at a hearing, or at trial."). Moreover, even if two of the Asserted Patents were cited *by the Examiner* during prosecution of two patents, that does not establish that Nokia had pre-suit knowledge of its alleged infringement. *Soverain IP, LLC v. Microsoft Corp.*, No. 217-CV-00204-RWS-RSP, 2018 WL 1465792, at *2 (E.D. Tex. Mar. 26, 2018) (finding *defendant's citation* of the patents-in-suit in its patent applications supported a reasonable inference that the defendant had actual knowledge of the patent, not knowledge of infringement). Each of the cases from this district that CT cites in support of its position concerned a defendant's own citation to a patent in a patent

---

[2] To reach the conclusion that the Asserted Patents were implicated this agreement Ms. Bennis had to rely upon the testimony of a third party and Nokia's technical experts. Dkt. 140-1, at ¶ 194.

application or information disclosure statement (not an examiners) and/or additional evidence regarding the defendant's knowledge of infringement that are not present here. Thus, the cases CT cites are distinguishable.

Finally, CT has failed to adduce evidence sufficient to support its argument that Nokia was willfully blind to the alleged infringement. Not only has CT failed to identify any facts related to Nokia's subjective state of mind, but Nokia's actions taken in response to receiving the Orckit IP letter completely undermine CT's argument that Nokia was willfully blind. In particular, after receiving the letter, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Dkt. 104-5 at 113:12-24, 114:4-8. Thus, Nokia did not "take deliberate actions to avoid learning of'" possible infringement, which is required to show willful blindness. *See, e.g., Info-Hold, Inc. v. Muzak LLC*, 783 F.3d 1365, 1373 (Fed. Cir. 2015) (citation omitted). Rather, the only action that CT can point to shows that Nokia did the opposite. This action also negates CT's strained assertion that Nokia has a policy of willful blindness ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Nonend Inventions, N.V. v. Apple Inc.*, 2016 U.S. Dist. LEXIS 42246, at *10-11 (E.D. Tex. Mar. 11, 2016) ("[M]ore must be alleged to show a policy of ignoring patents caused an alleged infringer's actions to 'surpass recklessness and negligence' and rise to the level of 'willful blindness.'").

II. **CT FAILED TO ADDUCE ANY EVIDENCE THAT CREATES A DISPUTE OF MATERIAL FACT WITH RESPECT TO PRE-SUIT WILLFUL INFRINGEMENT OF THE '928 PATENT**

While CT claims that it has made a "well-plead claim for willful blindness" in support of its showing of Nokia's alleged pre-suit willful infringement of the '928 patent, CT cites no affirmative evidence in the record in support of its argument, only attorney argument. *See, e.g., Parthenon Unified Memory Architecture, LLC, v. Apple, Inc.*, No. 2:15-cv-621-JRG-RSP, Dkt. 245 (E.D. Tex. Sep. 21, 2016) (granting summary judgment where plaintiff failed to cite any affirmative evidence,

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

only attorney argument). ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ CT cites no authority that allegations of infringement related to an EP patent put a party on notice of infringement of a family member. Moreover, CT did not attach the letter to its Opposition. Thus, CT's attorney argument cannot not create a dispute of material fact as to whether Nokia knew of its alleged infringement of the '928 patent as of that date.

CT also failed to adduce any evidence in support of its apparent theory that Nokia should have known that infringed the '928 patent based on Nokia's alleged use of an EP patent (i.e. EP 2 044 709 B1) owned by a different company. *See* Mot., SUMF, ¶¶ 21-25. Nokia's expert, Dr. Bill Lin, opined that the claims of the '928 patent are different than the EP counterpart and subject to a different claim construction. *Id*. While CT claims "it proffered evidence to the contrary" (Opp. at 2), Dr. Valerdi's assertion in a single paragraph of his report is nothing other than his *ipse dixit*, and fails to proffer any evidence establishing that the patents are similar, let alone equivalent. *See* Dkt. 104-8, ¶ 121. Recognizing this failure, CT spends four pages of its Opposition attempting to draw similarities between the two patents based solely on attorney argument. Opp. at 3-5, 11. That is not sufficient to create a genuine dispute of material fact. *See Parthenon Unified Memory Architecture, LLC, v. Apple, Inc.*, No. 2:15-cv-621-JRG-RSP, Dkt. 245 (E.D. Tex. Sep. 21, 2016) ("Mere conclusory allegations, unsubstantiated assertions, improbable inferences, and unsupported speculation will not create a genuine issue of material fact.").

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Accordingly, Nokia's motion for summary judgment of no pre-suit willfulness should be granted.

████████████████████████████████████████

DATED: January 30, 2024                              Respectfully submitted,

BY: */s/ Thomas W. Davison*

Deron R. Dacus (TX Bar No. 00790553)
THE DACUS FIRM
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Telephone: (903) 705-7233
Facsimile: (903) 581-2543
Email: ddacus@dacusfirm.com

John D. Haynes (GA Bar No. 340599)
David Frist (GA Bar No. 205611)
Sloane Kyrazis (GA Bar No. 878240)
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309
Telephone: (404) 881-7000
Facsimile: (404) 881-7777
Email: john.haynes@alston.com
Email: david.frist@alston.com
Email: sloane.kyrazis@alston.com

Thomas W. Davison (FL Bar No. 55687)
ALSTON & BIRD LLP
950 F St NW
Washington, DC 20004
Phone: (202) 239-3300
Fax: 202.239.3333
Email: tom.davison@alston.com

M. Scott Stevens (NC Bar No. 37828)
Nicholas C. Marais (NC Bar No. 53533)
Erin Beaton (NC Bar No. 59594)
ALSTON & BIRD LLP
1120 South Tryon Street, Suite 300
Charlotte, NC 28203-6818
Telephone: (704) 444-1000
Facsimile: (704) 444-1111
scott.stevens@alston.com
erin.beaton@alston.com

Darlena Subashi (NY 5780747)
ALSTON & BIRD LLP
2200 Ross Avenue, Suite 2300
Dallas, TX 75201
Telephone: (214) 922-3400
Facsimile: (214) 922-3899
darlena.subashi@alston.com

Katherine G. Rubschlager (CA Bar. No. 328100)
ALSTON & BIRD LLP
560 Mission St., Suite 2100
San Francisco, CA 94105
Telephone: (415) 243-1000
Facsimile: (415) 243-1001
Email: katherine.rubschlager@alston.com

*Attorneys for Defendant Nokia of America Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of January, 2024, I electronically filed the foregoing NOKIA'S REPLY IN SUPPORT OF NOKIA'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF NO PRE-SUIT WILLFUL INFRINGEMENT OR INDIRECT INFRINGEMENT with the Clerk of Court using the CM/ECF system, and served the same via electronic mail on all counsel of record.

*/s/ Thomas W. Davison*
Thomas W. Davison

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that Nokia is authorized to file this document and related exhibits under seal pursuant to Paragraph 19 of the Protective Order and Local Rule CV-5(a)(7) because they contain confidential material.

*/s/ Thomas W. Davison*
Thomas W. Davison
