IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CORRECT TRANSMISSION, LLC § § *Plaintiff*, § § v. § § NOKIA OF AMERICA CORP., § § *Defendant*. § | CIVIL ACTION NO. 2:22-cv-0343-JRG-RSP |

**MEMORANDUM ORDER**

Before the Court is Plaintiff Correct Transmission, LLC's (CT) Motion to Strike Nokia's Second Supplemental Response to Interrogatory 6. (Dkt. No. 169.). After consideration, the Court **DENIES** the motion as provided below.

**I.    BACKGROUND**

On December 21, 2022, Plaintiff served a first set of interrogatories including Interrogatory No. 6 calling for Nokia to "[s]tate the factual bases for your First Defense of Non-Infringement..." (Mot. at 1.) On October 16, 2023, Nokia supplemented its prior response to Interrogatory No. 6 to provide a chart depicting the configurations of accused devices used by certain customers and naming Jeffrey Valley as knowledgeable about the chart. (*Id*. at 2-3.)

Plaintiff now requests the Court strike this chart under rule 37 alleging Nokia failed to timely provide the underlying data to prove the chart correct and that Mr. Valley did not have any knowledge to substantiate the chart. (*Id*. at 4-9.)

**II.    APPLICABLE LAW**

Rule 26(e) provides:

*In General.* A party who ... has responded to an interrogatory ... must supplement or correct its disclosure or response: … in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

1

Rule 37(c) provides:

*Failure to Disclose or Supplement.* If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

The Court considers four factors when determining if a Rule 26 violation is "substantially harmless" under Rule 37. Those factors are the (1) importance of the evidence, (2) prejudice to the opposing party of including the evidence, (3) possibility of curing such prejudice by granting a continuance, and (4) explanation for a party's failure to disclose. *See Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 563 (5th Cir. 2004). The party facing Rule 37 sanctions carries the burden of showing its failure to comply with Rule 26 was "substantially justified or harmless." *See Rembrandt Vision Techs. LP v. Johnson & Johnson Vision Care, Inc.*, 725 F.3d 1377, 1381 (Fed. Cir. 2013).

### III. ANALYSIS

The parties' central dispute is not as to the timeliness of Nokia's disclosure but rather its sufficiency. As such the framework cited above and by the parties is not an exact match. Thus, the Court will focus its determination on Nokia's alleged failure and the alleged prejudice to CT.

CT contends its prejudice is principally based on Nokia's failure to provide evidence substantiating the chart in its supplemental interrogatory response. (Mot. at 6-7.) CT contends Mr. Valley could not provide any information on the chart when asked during his deposition. (*Id*. (citing his deposition at 28:19-25).) CT further contends Nokia's other citation to the "4LS database" fails under Rule 33(d) as evasive in failing to provide sufficient detail to enable it to locate and identify the underlying data. (*Id*. at 7.) CT argues without any material ability to investigate or contest Nokia's contention it is severely prejudiced. (*Id*.)

Nokia responds that any prejudice is the fault of CT's faulty deposition and deficient discovery practices. (Opp. at 7-11.) First, Nokia contends the reality is that CT did not ask even a single question of Mr. Valley as to the chart in question. (*Id*. at 8-9.) Nokia contends the single question CT identified does not show Mr. Valley had no information, rather Nokia contends this answer only shows that the information is not centrally documented, but CT never explored who provided the information relied upon by Nokia.

2

(*Id*. at 8.) Nokia further contends that CT manipulated the record before the court by cutting off Mr. Valley's fulsome answers in violation of L.R. CV-7(b), which required the preceding and following pages of the portion of the exhibit cited. (*Id*.) Nokia shows that in the next pages of Mr. Valley's deposition transcript he testified that some of Nokia's customers share their configuration information with Nokia through various teams focused on individual or groups of customers. (*Id*. at 8-9.) Nokia further points to later in the deposition where Mr. Valley raised the chart in question and CT failed to ask any follow-up questions. (*Id*. at 9.)

Second, Nokia contends it provided customer configuration files on September 21, 2023 and Plaintiff subpoenaed many of Nokia's customers. (*Id*. at 10-11.) Nokia contends with this Plaintiff had more than sufficient capacity to contest Nokia's chart if it were incorrect. (*Id*.)

Further, at the March 4, 2024 hearing in the Smart Path companion case, Nokia represented that it did not intend to introduce the complained of chart or use its interrogatory response as a basis for introducing any supportive documents. Rather, Nokia explained it would develop the information contained in the chart through testimony of Mr. Valley and other witnesses based upon their personal knowledge.

The Court finds that CT has failed to demonstrate that the interrogatory response should be stricken.

First, CT has largely failed to mitigate any prejudice despite reasonable opportunities to do so. The asserted prejudice is a lack of information to contest the data set out in the interrogatory response chart. This is significantly undermined by Nokia's production of configuration files and CT's subpoena of the customers themselves. It must be remembered that this is an issue of infringement, on which Plaintiff bears the final burden. Further, the Court is not convinced that Nokia violated Rule 33(d). Here, Nokia provided a narrative response and did not invoke Rule 33(d). In light of CT's limited questioning of Mr. Valley and Nokia's production, the Court cannot, on this record, find that Nokia's discovery conduct has unfairly prejudiced CT or that Nokia failed to properly disclose information.[1]

Second, with Nokia's representation that it will not seek admission of the chart, and the Court's

---

[1] The Court also notes that CT's motion comes some months after the close of fact discovery and the complained of supplementation.

3

prior ruling on that issue, no further relief is justified. Nokia has provided that it will not seek to introduce the complained of chart or otherwise use the interrogatory response itself at trial.

## IV. CONCLUSION

For the reasons provided above, the Court **DENIES** CT's motion to strike.

**SIGNED this 17th day of March, 2024.**

                                                ROY S. PAYNE
                                                UNITED STATES MAGISTRATE JUDGE