IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CORRECT TRANSMISSION, LLC | § § § | |
| *Plaintiff*, | § | |
| v. | § | CIVIL ACTION NO. 2:22-cv-0343-JRG-RSP |
| | § | |
| NOKIA OF AMERICA CORP., | § § | |
| *Defendant*. | § § | |

**REPORT AND RECOMMENDATION**

Before the Court is Defendant Nokia's Motion for Partial Summary Judgment of Non-Infringement Under the Doctrine of Equivalents. (Dkt. No. 105.) After consideration, the Court recommends the motion should be **GRANTED-IN-PART** and **DENIED-IN-PART** as provided below.

**I.     APPLICABLE LAW**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Any evidence must be viewed in the light most favorable to the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). Summary judgment is proper when there is no genuine dispute of material fact. *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine [dispute] of material fact." *Anderson*, 477 U.S. at 247–48. The substantive law identifies the material facts, and disputes over facts that are irrelevant or unnecessary will not defeat a motion for summary judgment. *Id.* at 248. A dispute about a material fact is "genuine" when the evidence

is "such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The moving party must identify the basis for granting summary judgment and evidence demonstrating the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. If the moving party does not have the ultimate burden of persuasion at trial, the party 'must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial.'" *Intellectual Ventures I LLC v. T Mobile USA, Inc*., No. 2:17-CV-00577-JRG, 2018 WL 5809267, at *1 (E.D. Tex. Nov. 6, 2018) (quoting *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000)).

## II.     ANALYSIS

Nokia contends CT's infringement argument under the doctrine of equivalents, supported by Dr. Valerdi's expert report, is so threadbare as to be unsupportable at trial. (Mot. at 8-96.) Nokia contends that Dr. Valerdi's report alleges only "[t]o the extent that this step is not literally present in the Accused Device, the Accused Device would nevertheless infringe under the doctrine of equivalents, because the Accused Device performs a step that is, if not literally the step recited in the claim, then equivalent to it." (*Id*. at 8.) Nokia contends Dr. Valerdi cites nothing in support of this position and without particularized allegations, cannot support infringement under doctrine of equivalents. (*Id*. at 9-10.)

Additionally, Nokia contends the one opinion that diverges from the above description, Claim 1[c] of the '669 Patent, is barred under prosecution history estoppel. (*Id*. at 10-12.) Nokia argues CT disclaimed "queued fragmenting" in response to prior art before the PTAB but Dr. Valerdi's DOE argument that the accused products infringe by "fragmenting the lower priority packets and interleaving the higher priority packets into the data stream" recaptures that scope. (*Id*. at 11.) Nokia contends Dr. Valerdi admitted in deposition his read of the '669 patent reads on

"queued fermenting." (*Id*. at 12.) Nokia further contends CT is estopped from arguing the decision to fragment is responsive to having "to ensure quality of service for higher priority packets" in light of arguments that the decision to fragment being predetermined and independent of receiving a higher priority fragment does not invalidate the patent. (*Id*.)

CT responds that Nokia's motion ignores the addendum where it contends Dr. Valerdi provides his substantive doctrine of equivalents opinions in the form of a claim chart. (Opp. at 3-7.) By way of example, CT points to claim 1 of the '523 Patent where it alleges Dr. Valerdi raised a doctrine of equivalents argument by pointing to Dr. Valerdi's identification of certain source code he identifies "as operating 'as a bridge' as required by the claims." (*Id*. at 5 (citing Opp. Ex. B at ¶2501).) CT contends evidence such as this is sufficient to support its Doctrine of Equivalents argument. (*Id*.)

CT contends that even without Dr. Valerdi's analysis it can support its doctrine of equivalents argument, even with attorney argument. (*Id*. at 5-6.) CT now references the '150 Patent arguing that "[u]nder the doctrine of equivalents, whatever operates as ring network that can send traffic in two directions can be considered substantially the same." (*Id*. at 7) CT points to Dr. Jeffay's statement that "'in the context' of a figure from Nokia's documentation that Dr. Valerdi relies on in his analysis, link connections are described such that 'a POSITA would know at best comprise a single ring that allows traffic in both directions, rather than two physically distinct ringlets with opposing traffic directions.'" (*Id*.) CT further contends that its counsel will add additional linking arguments at trial through cross-examination of Nokia's witnesses. (*Id*.)

CT also contests Nokia's estoppel argument. (*Id*. at 8.) CT argues there is a distinction between the IPR prior art and the '669 patent in how and when fragmentation occurs. (*Id*.) CT argues the prior art was not a responsive system but fragmented packets based on scheduling

3

whereas the '669 patent requires responsive fragmenting. (*Id.*) CT argues that queuing after fragmentation does not preclude infringement. (*Id.*)

Nokia's reply contests CT's contention that it may rely on evidence other than expert testimony to support its doctrine of equivalents argument. Nokia contends that this approach was not preserved since CT never disclosed it in CT's infringement contentions. (*Id.* at 3-4.) Nokia further contends that while doctrine of equivalents testimony may come from non-experts, it still requires a person of ordinary skill, not attorney argument. (*Id.* at 4-5.) Nokia argues that there is no evidence in the record comparing the products to the claims and identifying the same function, way or result, thus supporting summary judgment. (*Id.*) Finally, Nokia argues "linking attorney argument" is contrary to case law and thus CT "has failed to demonstrate that a fact issue exists. (*Id.* at 5.)

The Court agrees with Nokia that CT has not presented a genuine issue of material fact to support an argument that Nokia has infringed under the doctrine of equivalents except as to the '669 patent. "A patentee must still provide particularized testimony and linking argument as to the 'insubstantiality of the differences' between the claimed invention and the accused device or process, or with respect to the function, way, result test when such evidence is presented to support a finding of infringement under the doctrine of equivalents." *Texas Instruments Inc. v. Cypress Semiconductor Corp.*, 90 F.3d 1558, 1567 (Fed. Cir. 1996). Further, "while many different forms of evidence may be pertinent, when the patent holder relies on the doctrine of equivalents, as opposed to literal infringement, the difficulties and complexities of the doctrine require that evidence be presented to the jury or other fact-finder through the particularized testimony of a person of ordinary skill in the art, typically a qualified expert, who (on a limitation-by-limitation basis) describes the claim limitations and establishes that those skilled in the art would recognize

4

the equivalents." *AquaTex Indus., Inc. v. Techniche Sols.*, 479 F.3d 1320, 1329 (Fed. Cir. 2007).

CT has identified insufficient competent evidence to support a finding of infringement under the doctrine of equivalents. First, Dr. Valerdi's expert report provides only vague and threadbare mentions of the doctrine. CT's exemplary citation to ¶¶2500-03 of Dr. Valerdi's report does not show a doctrine of equivalents argument. Claiming certain source code acts as a claimed element is a direct infringement argument. Second, CT has likewise identified no competent evidence to support its doctrine of equivalents argument outside of its expert reports. While the testimony cited by CT might support an analysis under the doctrine of equivalents, such testimony does not establish substantial similarity. Indeed, this is underscored in CT's briefing where counsel themselves provide the conclusion that the inclusion of certain features results in equivalence. (*See* Opp. at 7.) The Federal Circuit has ruled that a doctrine of equivalents argument requires particularized testimony from a person of ordinary skill, not an attorney. Indeed, attorney argument is not evidence upon which the jury may rely. While an attorney may, in particular circumstances, be permitted to provide the linking argument, an attorney may not provide the opinion that the existence of certain features renders a functionality substantially similar to a claimed functionality.[1] As such, the Court recommends Nokia's motion be **GRANTED** except as to the argument cited regarding the '669 patent as discussed below.

The Court is not convinced that Nokia has demonstrated that prosecution history estoppel forecloses the argument Nokia cites as to the '669 patent. CT has provided sufficient explanation to distinguish its arguments made in defense of validity and those made in pursuit of infringement. CT's contention that the queuing in question occurs after responsive fragmentation appears, on

---

[1] While the Court recognizes that the Federal Circuit has permitted attorney "linking argument" to support a doctrine of equivalents argument, *see e.g. Applied Med. Res. Corp. v. U.S. Surgical Corp.*, 448 F.3d 1324, 1335 n.5 (Fed. Cir. 2006), jumping from the inclusion of certain features to equivalents requires more than attorney argument here.

this record, to effectively distinguish between the "queued fragmenting" and "responsive fragmenting" discussed in the IPR.[2] The Court recommends Nokia's motion be **DENIED** as to the '669 patent argument.

### III. CONCLUSION

The Court recommends that Nokia's Motion for Partial Summary Judgment of Noninfringement Under the Doctrine of Equivalents be **GRANTED-IN-PART** and **DENIED-IN-PART**.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this report by Wednesday March 27, 2024 bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. FED. R. CIV. P. 72(b)(2); *see also Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendation [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 21st day of March, 2024.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court's recommendation should be understood to be made on the record presented and Nokia should raise trial objections if CT's infringement argument otherwise extends to disclaimed subject matter.