IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CORRECT TRANSMISSION, LLC | § § § | |
| *Plaintiff*, | § | |
| v. | § § | CIVIL ACTION NO. 2:22-cv-00343-JRG-RSP |
| NOKIA OF AMERICA CORP., | § § § | |
| *Defendant*. | § § | |

**REPORT AND RECOMMENDATION**

Before the Court is Defendant Nokia's Motion for Partial Summary Judgment of Non-Infringement of U.S. Patent No. 7,983,150. (Dkt. No. 106.) After consideration, the Court recommends the motion should be **GRANTED** as provided below.

**I.     BACKGROUND**

This case addresses the infringement and validity of five patents: U.S. Patent No. 6,876,669, U.S. Patent No. 7,127,523, U. S. Patent No. 7,283,465, and U.S. Patent No. 7,983,150. The Court construed certain terms in October 2023 including "bi-directional ring network" from the '150 Patent. (Dkt. No. 83.) The Court construed this term to mean "network containing two ringlets with opposing traffic directions." (*Id*. at 22.) The Court also construed "ringlet" in accordance with IEEE 802.17 as "a closed unidirectional path formed by an ordered set of stations and interconnecting links, such that each station has exactly one link entering the station and one link exiting the station." (*Id*. at 21-22.)

**II.    APPLICABLE LAW**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Any evidence must be viewed in the light most favorable to the nonmovant. *See Anderson*

1

*v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). Summary judgment is proper when there is no genuine dispute of material fact. *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine [dispute] of material fact." *Anderson*, 477 U.S. at 247–48. The substantive law identifies the material facts, and disputes over facts that are irrelevant or unnecessary will not defeat a motion for summary judgment. *Id.* at 248. A dispute about a material fact is "genuine" when the evidence is "such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The moving party must identify the basis for granting summary judgment and evidence demonstrating the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. If the moving party does not have the ultimate burden of persuasion at trial, the party 'must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial.'" *Intellectual Ventures I LLC v. T Mobile USA, Inc.*, No. 2:17-CV-00577-JRG, 2018 WL 5809267, at *1 (E.D. Tex. Nov. 6, 2018) (quoting *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000)).

### III. ANALYSIS
#### A. CT FAILS TO SHOW "BI-DIRECTIONAL RING NETWORK"

Nokia raises three arguments. First, Nokia contends CT's experts never acknowledge the Court's construction of "ringlet" and thus CT presents no testimony that every limitation is met. (Mot. at 7.) Second, Nokia contends CT relies on "only a single Ethernet link between stations" that cannot support this limitation. (*Id*. at 7-8.) Nokia argues that the construction requires two ringlets but it is unrebutted that the accused products cannot be configured to have two

unidirectional paths. (*Id*.) Third, Nokia contends CT relies on networks where the accused stations have more than one link entering and more than one link exiting. (*Id*. at 9-10.)

CT responds by pointing to Dr. Valerdi's report where he contends that the Accused Devices are configured to support ITU-T Standard G.8032 and it is indisputable that it discloses bidirectional flow. (Opp. at 5.) CT then points to the '150 patent specification's disclosure that "a single ringlet refers to the flow of data in one direction or the other." (*Id*. at 6.) CT argues "[t]hus, a ringlet is just traffic flowing in one direction, which means that if there is traffic flowing in two directions, there are two ringlets." (*Id*.) CT also argues Nokia's own documentation shows only one link entering and one link exiting a station. (*Id*. at 6-7.)

The Court agrees with Nokia. CT's arguments demonstrate an attempt to avoid the Court's construction of the term at issue. CT is not permitted to argue that "a ringlet is just traffic flowing in one direction" when the Court has construed the term otherwise. As CT's argument supporting infringement relies on this errant construction, it cannot move forward. Likewise, the Court finds Nokia's contention that CT's experts fail to address the Court's construction of "ringlet" material here. Without any competent evidence or testimony to demonstrate the accused products include ringlets, CT cannot meet its burden to show infringement.

### B.  "AS LONG AS THE NODES AND SPANS ARE FULLY OPERATIONAL"

Nokia also contends that the requirement of performing or being capable of performing certain steps under the condition "as long as the node and spans are fully operation" means "the nodes and spans of the identified bi-directional ring network be fully operational." (Mot. at 10.) Nokia argues the accused products cannot have "all the nodes and spans of a ring network fully operational." (*Id*. at 11.) Nokia contends all experts agree "that, at any time, traffic may flow on all but one of the ring links" and "under normal conditions this link is blocked, so it is not used for traffic." (*Id*.)

3

CT responds that Nokia misinterprets the claim language. (Opp. at 7.) CT contends "except the selected connection termination point in a deactivated state" "requires a deactivated node or span, which is consistent with the Accused Products." (*Id*. at 8.) CT points to Dr. Valerdi's source code analysis and Nokia documentation confirming this. (*Id*. at 8-9.)

Nokia replies CT's claim construction argument is inapposite because "the selected connection termination point in a deactivated state" occurs after satisfying the condition "all the nodes and spans are fully operational." (Reply at 5.)

The Court finds Nokia's argument relies on an incorrect claim construction argument that it waived. On the limited record before the Court, there is no apparent reason that the "as long as…" phrase should be read as a separate limitation rather than modifying the following "maintaining all of the connection termination points except…" phrase. This appears to be the plain reading of the claim. Without the benefit of full claim construction briefing on this term, the Court finds that Nokia waived its argument. *See Cent. Admixture Pharmacy Servs., Inc. v. Advanced Cardiac Sols., P.C.*, 482 F.3d 1347, 1356 (Fed. Cir. 2007).[1]

## IV.  CONCLUSION

The Court recommends Nokia's motion be **GRANTED** as provided above.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this report by Wednesday March 27, 2024 bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. FED. R. CIV. P. 72(b)(2); *see also Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (*en banc*). Any objection to

---

[1] As the Court does not rely on any testimony regarding testing performed by Nokia which CT complains of and identifies as its basis for leave to supplement its infringement expert report to include Doctrine of Equivalents, the Court need not consider CT's requested leave to supplement.

4

this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendation [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 21st day of March, 2024.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE