IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CORRECT TRANSMISSION, LLC § § *Plaintiff*, § § v. § § NOKIA OF AMERICA CORP., § § *Defendant*. § | CIVIL ACTION NO. 2:22-cv-0343-JRG-RSP |

**REPORT AND RECOMMENDATION**

Before the Court is Plaintiff Correct Transmission, LLC's ("CT") Motion for Summary Judgment on Certain of Nokia's Affirmative Defenses. (Dkt. No. 107.) After consideration, the Court recommends the motion should be **GRANTED-IN-PART** and **DENIED-IN-PART** as provided below.

In its motion, CT alleges Nokia has failed to support certain of its affirmative defenses, namely waiver, estoppel, acquiescence, unclean hands, prosecution history estoppel, acts of others, license, implied license, exhaustion, and patent misuse. (Mot. at 1.) CT further alleges Nokia's reservation of defenses should likewise be stricken. (*Id*.) In response, Nokia withdrew its defenses of waiver, estoppel, acquiescence, unclean hands, license, implied license, exhaustion, and patent misuse. (Opp. at 11.)

The Court recommends that CT's motion regarding the withdrawn defenses be **DENIED AS MOOT**. The Court addresses the remaining grounds below.

I.   **APPLICABLE LAW**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Any evidence must be viewed in the light most favorable to the nonmovant. *See Anderson*

*v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). Summary judgment is proper when there is no genuine dispute of material fact. *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine [dispute] of material fact." *Anderson*, 477 U.S. at 247–48. The substantive law identifies the material facts, and disputes over facts that are irrelevant or unnecessary will not defeat a motion for summary judgment. *Id.* at 248. A dispute about a material fact is "genuine" when the evidence is "such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The moving party must identify the basis for granting summary judgment and evidence demonstrating the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. If the moving party does not have the ultimate burden of persuasion at trial, the party 'must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial.'" *Intellectual Ventures I LLC v. T Mobile USA, Inc.*, No. 2:17-CV-00577-JRG, 2018 WL 5809267, at *1 (E.D. Tex. Nov. 6, 2018) (quoting *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000)).

II.  ANALYSIS

A.  PROSECUTION HISTORY ESTOPPEL DEFENSE

CT argues Nokia is unable to support prosecution history estoppel or prosecution history disclaimer with the limited assertion "factual bases for the[] defense[] include at least written discovery, documents and testimony in this case" as provided in Nokia's discovery disclosures. (Mot. at 5.) CT argues "Nokia has identified no evidence of [the applicant's] representations to the PTO while prosecuting the patents-in-suit, much less proffered any evidence sufficient to show

2

that Plaintiff is now estopped from enforcing those patents based on purported representation by [the applicant.]" (*Id*. at 5.)

Nokia contends CT's motion does not consider any other discovery that would support its prosecution history defense, particularly Nokia's interrogatory responses and expert reports. (Opp. at 6-7.) Nokia points to its motion for summary judgment that certain arguments regarding the infringement of the '669 patent are barred and testimony of Dr. Houh regarding the same (*Id*. at 7-8.) Nokia also identifies its own experts' responses to CT's expert's opinion that certain limitations may be met under the doctrine of equivalents. (*Id*. at 8-9.) Nokia argues "to the extent that Dr. Valerdi presents any doctrine of equivalents with further specificity at trial, Drs. Jeffay and Chatterjee reserved their rights to respond to such a theory, which would include asserting a prosecution history estoppel defense." (*Id*. at 8.) In support, Nokia cites *Godo Kaisha IP Bridge 1 v. Telefonaktiebolget LM Ericsson et al.* alleging CT's motion should not be granted because Nokia put CT on "fair notice of the factual basis for this defense." (*Id*.)

The Court agrees with Nokia. Nokia has preserved its prosecution history argument as to the '669 patent in its motion for summary judgment and Dr. Houh's report. Additionally, Nokia has preserved this defense in Dr. Jeffay's and Dr. Lin's reports.

As such the Court recommends CT's motion be **DENIED** as to Nokia's prosecution history estoppel affirmative defense. However, the Court rejects the notion that Nokia may reserve some right to supplement the opinions of its experts in response to CT's further arguments. No such right exists, Nokia would have to move for such relief.

### B. ACTS OF OTHERS DEFENSE

Next, CT argues "Nokia has supplied no evidence that a third-party 'other' acted improperly so as to rescue Nokia's own infringement of the patents-in-suit." (Mot. at 6.) CT contends it is "unaware of . . . which, if any, entity acted alone or without Nokia's approval,

3

consent, or involvement, to invite upon itself liability." (*Id.*)

In response, Nokia notes that to demonstrate direct infringement CT must show Nokia exercised control or direction over the performance of each step of the claim. (Opp. at 9-10.) Nokia further notes that to show induced infringement CT would need to establish Nokia induced infringement of every step of the claim. (*Id.* at 10.) Nokia argues there is evidence to support Nokia's defense that it "is not liable for the acts of others over whom it has no control." (*Id.*) Nokia argues its "experts opined that the Accused Products are designed to be configured by Nokia's customers, and that, in order to use the accused products to infringe, a network operator would need to configure the accused products to enable the allegedly infringing features." (*Id.*)

The Court recommends finding that Nokia has sufficiently preserved this theory. Nokia has presented evidence, through its experts, that creates a genuine dispute of material fact as to who is in control, and ultimately liable, for any alleged acts of infringement. As such the Court recommends CT's Motion as to Nokia's defense that it is not liable for the acts of others over whom it has no control be **DENIED**.

### C. RESERVATION OF DEFENSES

Last, CT argues "Nokia has provided no specificity as to what additional defenses it is pleading either in its answer . . ., or otherwise." (Mot. at 8.) CT further argues "affirmative defenses must be specifically pleaded in a party's answer" and "generalized catch-all defense is improper and thus fails as a matter of law." (*Id.*)

Nokia responds that "although fact discovery is closed, the facts that may give rise to additional defenses are still not in Nokia's possession." (Opp. at 11.) Nokia notes it is still attempting to depose Mr. Tamir and believes Mr. Tamir possesses information relevant to "the research, development, inventorship, licensing, sale, purchase, and/or marking related to the Asserted Patents." (*Id.*) Nokia further points to its Hague requests are still pending before relevant

Israeli authorities and requests the court deny summary judgment on this ground. (*Id.*)

Nokia's reservation of rights is not effective and CT's motion as to this "affirmative defense" should be **GRANTED**. While Nokia may be able to show good cause to amend its answer once it acquires the discovery it is seeking, this does not create a right Nokia may reserve.

### III. CONCLUSION

The Court recommends that CT's motion for summary judgment as to Nokia's "affirmative defenses" be **GRANTED-IN-PART** and **DENIED-IN-PART** as provided above.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this report by Wednesday March 27, 2024 bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. FED. R. CIV. P. 72(b)(2); *see also Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (*en banc*). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendation [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 21st day of March, 2024.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE