IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CORRECT TRANSMISSION, LLC | § § § | |
| *Plaintiff*, | § | |
| v. | § § | CIVIL ACTION NO. 2:22-cv-00343-JRG-RSP |
| NOKIA OF AMERICA CORP., | § § § | |
| *Defendant*. | § | |

**REPORT AND RECOMMENDATION**

Before the Court is Defendant Nokia's Motion for Partial Summary Judgment of Non-Infringement of U.S. Patent No. 7,127,523. (Dkt. No. 108.) After consideration, the Court recommends the motion should be **DENIED** as provided below.

**I.    BACKGROUND**

This case addresses the infringement and validity of five patents: U.S. Patent No. 6,876,669, U.S. Patent No. 7,127,523, U. S. Patent No. 7,283,465, and U.S. Patent No. 7,983,150.

Claim 1 of the '523 Patent provides:

A method for communication, comprising:

[1A] defining a topology of a transparent local area network service (TLS), comprising a system of label-switched tunnels between label-switched routers (LSRs) through a communication network, the TLS having at least first and second endpoints to which first and second user equipment is connected so that the TLS acts as a virtual bridge between the first and second user equipment;

[1B] transmitting control frames among the LSRs in the TLS via the label-switched tunnels, each control frame comprising a control traffic label and a bridge protocol data unit (BPDU) in accordance with a spanning tree protocol (STP), the control traffic label

1

indicating to the LSRs that the STP is to be executed by the LSRs without transmission of the BPDU to the user equipment; and

[1C] upon receiving the control frames at the LSRs, processing the BPDU, responsively to the control traffic label, so as to remove loops in the topology of the TLS irrespective of the user equipment.

## II. APPLICABLE LAW

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Any evidence must be viewed in the light most favorable to the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). Summary judgment is proper when there is no genuine dispute of material fact. *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine [dispute] of material fact." *Anderson*, 477 U.S. at 247–48. The substantive law identifies the material facts, and disputes over facts that are irrelevant or unnecessary will not defeat a motion for summary judgment. *Id.* at 248. A dispute about a material fact is "genuine" when the evidence is "such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The moving party must identify the basis for granting summary judgment and evidence demonstrating the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. If the moving party does not have the ultimate burden of persuasion at trial, the party 'must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial.'" *Intellectual Ventures I LLC v. T Mobile USA, Inc.*, No.

2:17-CV-00577-JRG, 2018 WL 5809267, at *1 (E.D. Tex. Nov. 6, 2018) (quoting *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000)).

### III.   ANALYSIS
#### A.   "CONTROL TRAFFIC LABEL"

Nokia contends the "control traffic label" limitations throughout the claims of the '523 patent all refer to the same "label" but that CT cannot show this. (Mot. at 9-11.) Nokia contends instead, CT identifies different features to satisfy different limitations placed on the "control traffic label." (*Id*. at 10.) Nokia contends for the first instance of "control traffic label," in limitation [1B], CT accuses the "stp" parameter of the BPDU translation feature but for limitation [1C], CT accuses StpAdminUp feature. (*Id*.)

CT argues that Nokia's motion raises claim construction arguments that were waived when Nokia did not raise the issue at *Markman*. (Opp. at 3-5.) Substantively, CT contends it does not identify both the BDPU and StpAdminUp as the "control traffic label" but rather it points to the StpAdminUp as the "control traffic label" that is included in the control frame with the BDPU. (*Id*. at 6.)

In reply, Nokia contends even this cannot show infringement because CT never demonstrates StpAdminUp meets the first "control traffic label" limitation. (Reply at 3-5.)

In sureply, CT contends the evidence shows that "BPDUs are encapsulated with one or more control traffic labels that indicate to the Accused Products that STP is to be executed." (Sur-Reply at 3.) In particular, CT points to IEEE802.2 Logical Link Control protocols and argues this demonstrates a header is the control traffic label that meets the requisite limitations. (*Id*. at 3-4.)

The Court finds that Nokia has not demonstrated that CT cannot demonstrate the accused products meet the "control traffic label" limitation. The Court sees no issue with CT identifying different portions of an alleged "control traffic label" as satisfying the different limitations

3

claimed. It will be up to CT to demonstrate the portions can be understood to be part of a single "control traffic label" and that they practice the limitations at trial, but CT has presented a theory that when viewed in the light most favorable to CT survives summary judgment.

The Court does not find that Nokia's motion relies on a claim construction argument that was waived as CT does not demonstrate how any divergent readings of the limitations at issue might have different results for this motion.

### B. "CONTROL FRAME COMPRISING A CONTROL TRAFFIC LABEL"

Nokia further argues that neither the BDPU nor the StpAdminUp are transmitted or received as part of a control frame as the limitations require. (Mot. at 11-12.) Nokia contends the BDPU is a translation feature that is never itself transmitted or received. (*Id*. at 12.) Likewise, Nokia contends the StpAdminUp feature is an administrative state set during initial configuration but not transmitted. (*Id*.)

CT contends the evidence shows the control traffic label is transmitted and received among the LSRs. (Opp. at 6.) CT points to testimony from Dr. Valerdi that "[t]he function stpTask [] is the main work loop that reads the packet buffer ppPb in order to receive and process a new packet. [] once the packet has been read, stpTask invokes the function trstpRxBpdu [] to establish the characteristics of the packet buffer." (*Id*.) CT points to further testimony that the accused products are responsive to "the control traffic label StpAdminUp" based on a function invokes in response to receiving a new STP BPDU where that function also checks the flag StpAdminUp. (*Id*. at 6-7.) CT further points to Nokia's expert report that the SvcBrig message, relating to StpAdminUP, is received. (*Id*. at 7.)

In reply, Nokia contends CT misreads Nokia's expert's report, contending the report does not discuss the SvcBrig variable. (Reply at 5.)

The Court finds that when viewed in the light most favorable to CT, there is a material

4

question of fact here. CT has identified evidence it believes demonstrates a control frame comprising a traffic control label is sent. CT has further identified the interactions that control frame has with the StpAdminUp or BDPU elements. How and precisely what of these elements is required and actually is sent, is not clear from the record before the Court. This is a question best left for the jury. As such, Nokia's motion should be **DENIED**.

### IV.     CONCLUSION

The Court recommends Nokia's motion be **DENIED**.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this report by Wednesday March 27, 2024 bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. FED. R. CIV. P. 72(b)(2); *see also Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (*en banc*). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendation [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 21st day of March, 2024.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE