IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CORRECT TRANSMISSION, LLC § | |
| § | |
| *Plaintiff*, § | |
| v. § | CIVIL ACTION NO. 2:22-cv-00343-JRG-RSP |
| § | |
| NOKIA OF AMERICA CORP., § | |
| § | |
| *Defendant*. § | |

### MEMORANDUM ORDER

Before the Court is Nokia's Motion to Strike and Exclude Portions of the Expert Report of Dr. Eric Cole (Dkt. No. 110.). After consideration, the Court **DENIES** the motion as provided below.

### I.   BACKGROUND

This case addresses the infringement and validity of five patents: U.S. Patent No. 6,876,669, U.S. Patent No. 7,127,523, U. S. Patent No. 7,283,465, and U.S. Patent No. 7,983,150. (Dkt. No. 1.) Dr. Cole provides apportionment opinions in support of CT's damages case. (Mot. at 1.)

### II.   APPLICABLE LAW

An expert witness may provide opinion testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.

Rule 702 requires a district court to make a preliminary determination, when requested, as to whether the requirements of the rule are satisfied with regard to a particular expert's proposed

testimony. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592-93 (1993). District courts are accorded broad discretion in making Rule 702 determinations of admissibility. *Kumho Tire*, 526 U.S. at 152 ("the trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable"). Although the Fifth Circuit and other courts have identified various factors that the district court may consider in determining whether an expert's testimony should be admitted, the nature of the factors that are appropriate for the court to consider is dictated by the ultimate inquiry—whether the expert's testimony is sufficiently reliable and relevant to be helpful to the finder of fact and thus to warrant admission at trial. *United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010).

Importantly, in a jury trial setting, the Court's role under *Daubert* is not to weigh the expert testimony to the point of supplanting the jury's fact-finding role; instead, the Court's role is limited to that of a gatekeeper, ensuring that the evidence in dispute is at least sufficiently reliable and relevant to the issue before the jury that it is appropriate for the jury's consideration. *See Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1391-92 (Fed. Cir. 2003) (applying Fifth Circuit law) ("When, as here, the parties' experts rely on conflicting sets of facts, it is not the role of the trial court to evaluate the correctness of facts underlying one expert's testimony."); *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 249-50 (5th Cir. 2002) ("'[t]he trial court's role as gatekeeper [under Daubert] is not intended to serve as a replacement for the adversary system.' . . . Thus, while exercising its role as a gate-keeper, a trial court must take care not to transform a *Daubert* hearing into a trial on the merits," quoting Fed. R. Evid. 702 advisory committee note). As the Supreme Court explained in *Daubert*, 509 U.S. at 596, "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate

means of attacking shaky but admissible evidence." *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).

### III. ANALYSIS

#### A. INFRINGEMENT OPINIONS

First, Nokia argues "[t]o the extent that Dr. Cole intends to provide opinions related to infringement, those opinions should be excluded." (Mot. at 8.) Nokia contends that Dr. Cole admitted he provides no infringement opinions and his opinions are entirely conclusory. (*Id*.)

The Court can offer Nokia no relief on this request. Nokia has identified no opinions that it seeks to exclude, so the Court is left with nothing to review under the *Daubert* standards.

#### B. IDENTIFICATION OF ALLEGEDLY INFRINGING FEATURES

Nokia next complains of Dr. Cole's identification of features of the accused products covered by the asserted patents. (Mot. at 8-9.) Nokia argues Dr. Cole provides no opinions of his own that particular features infringe and must rely on Dr. Valerdi. (*Id*. at 9.) However, Nokia contends Dr. Valerdi does not analyze the marketing brochure at the heart of Dr. Cole's analysis and thus there is no linking between the features and infringement. (*Id*.) Indeed, Nokia contends Dr. Valerdi "rejected Dr. Cole's assertion that the feature groups Dr. Cole relies on for his apportionment analysis are accused of infringing in this case." (*Id*. at 10.)

Nokia further argues that Dr. Valerdi identifies certain features for infringement that Dr. Cole does not consider and vice versa. (*Id*. at 10-11.) In particular, Nokia identifies Dr. Cole's allegations as to EVPN as infringing the '523 patent, and "Jumbo Frames" as infringing the '669 patent, without support from Dr. Valerdi. (*Id*.) Nokia further points to Dr. Valerdi's deposition where he allegedly rejected Dr. Cole's assertion that certain "feature groups" are accused of infringing. (*Id*.) Additionally, Nokia contends Dr. Cole's apportionment opinion as to the '669 patent is based entirely on a product not accused of infringing that patent. (*Id*. at 11.) Nokia

3

contends this should result in Dr. Cole's entire opinion being thrown out. (*Id*.)

CT responds that Dr. Cole properly relies on Dr. Valerdi's infringement opinions to develop his apportionment opinions. (Opp. at 6.) CT first contends that Nokia is incorrect regarding the representative product Dr. Cole uses for apportionment as to the '669 Patent. (*Id*.) CT contends that Dr. Valerdi accuses that product of infringement. *Id*. (citing Dkt. No. 139-1 at ¶¶48, 53&n.1, 113-17, 136; Dkt. No. 141-2 1-55). CT further contends "that because Dr. Valerdi doesn't identify EVPN as infringing, Dr. Cole can't testify about apportioning EVPN features." Dr. Valerdi accuses VPLN and VPLN is a form of EVPN. (*Id*. at 7.) Thus, CT contends Nokia's argument is one of semantics. (*Id*.)

The Court agrees with CT here. Nokia's arguments here relate to an apparent mismatch between the opinions of Dr. Valerdi as the infringement expert and Dr. Cole as the technical apportionment expert. First, the Court is not concerned regarding any features Dr. Valerdi contends infringe but Dr. Cole does not consider for apportionment. This would seem to only lower Nokia's damages and not present a *Daubert* concern with Dr. Cole's opinions. Second, the Court is concerned with the notion Dr. Cole, who offers no infringement opinions, is asserting that certain features infringe without support from Dr. Valerdi. However, the Court is not convinced that is the case here. Rather, it appears that CT is correct that there is an issue of semantics, of fact, as to what terms are used to refer to certain features internally, as would be the focus of infringement, rather than in marketing material, as would be the focus of damages. Whether the EVPN feature can be considered as properly under the VPLN feature is a fact question, not ripe for determination under *Daubert*. Likewise, Dr. Valerdi's deposition testimony does not appear to provide that the features Dr. Cole considers do not infringe, but that he did not consider infringement under the language used in advertising documents. It is not concerning that Dr. Cole provides a translation between

technical and advertising documents so as to apportion value. It will be for the jury to determine, as a matter of fact, if Dr. Cole has done so effectively.

The Court further finds no issue with the products Dr. Cole analyzes for the '669 patent. Dr. Valerdi provides infringement opinions as to this product, as cited by CT's opposition.

### C. APPORTIONMENT TO PATENTED FEATURES

Nokia also alleges that Dr. Cole's feature-counting apportionment includes unpatented features, thus being over inclusive. (Mot. at 12-15.) Nokia contends Dr. Cole fails to quantify the contribution of the patented technologies to the features identified and instead provides the full value of those features to CT. (*Id.*) In particular, Nokia complains that because Dr. Cole found a single feature infringed multiple patents but performs no further apportionment, those features are counted more than once. (*Id.* at 13.)

CT responds that Dr. Cole properly apportioned by first apportioning only 25% of the value to software and apportioning value from there. (Opp at 7-9.) CT contends based on Dr. Cole's "vast experience in the industry" he ultimately found only 2.88% of the 25% was appropriately apportioned to one of the patents. (*Id.* at 8.)

The Court finds that Dr. Cole has provided sufficient apportionment to survive *Daubert*. As the Federal Circuit has consistently held "apportionment can be addressed in a variety of ways, including 'by careful selection of the royalty base to reflect the value added by the patented feature [or] ... by adjustment of the royalty rate so as to discount the value of a product's non-patented features; or by a combination thereof.'" *Exmark Mfg. Co. Inc. v. Briggs & Stratton Power Prod. Grp., LLC*, 879 F.3d 1332, 1348 (Fed. Cir. 2018). Here, Dr. Cole's technique of counting entire features that infringe to reach this opinion rather than attempting to further apportion within the feature is sufficient. There is no perfect apportionment and Dr. Cole has apportioned to individual features at the level Nokia advertises. The Court finds this is sufficient and any concern Nokia has

5

is best addressed on cross-examination.

## IV. CONCLUSION

The Court **ORDERS** Nokia's Motion to Strike and Exclude Portions of the Expert Report of Dr. Eric Cole be **DENIED**.

**SIGNED this 26th day of March, 2024.**

```
_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE
```