IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CORRECT TRANSMISSION, LLC § § *Plaintiff*, § v. § § NOKIA OF AMERICA CORP., § § *Defendant*. § | CIVIL ACTION NO. 2:22-cv-0343-JRG-RSP |

## MEMORANDUM ORDER

Before the Court is Correct Transmission's Motion for Leave to Supplement Opening Expert Report of Dr. Ricardo Valerdi (Dkt. No. 215.). For the reasons that follow, the motion is **DENIED**.

### I.     BACKGROUND

On October 22, 2023 the Court entered is Claim Construction Order. On December 15, 2023 Nokia provided non-infringement rebuttal reports. On February 7, 2024 CT served Nokia with the proposed supplemental expert report that is the subject of this motion.

### II.    APPLICABLE LAW

Fed. R. Civ. P. 16(b) provides that a schedule modification, such as permitting a supplemental expert report, may only be made for good cause. *See Reliance Ins. Co. v. Louisiana Land & Expl. Co.*, 110 F.3d 253, 257 (5th Cir. 1997). In *Reliance Ins. Co.*, the Fifth Circuit provided that good cause may be examined under the Court's standard four part test: "(1) the explanation for the failure to [submit a complete report on time]; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Id.* (citing *Geiserman v. MacDonald,* 893 F.2d 787, 791 (5th Cir.1990).)

### III. ANALYSIS

#### A. DILIGENCE

CT argues that any lack of diligence in preparing Dr. Valerdi's supplemental report should be placed on Nokia. (Mot. at 4-5.) CT contends that Nokia failed to properly disclose non-infringement positions until its rebuttal expert report despite on-point interrogatories, and now CT should be permitted to respond. (*Id*.) In particular, CT contends that it could not prepare its doctrine of equivalents arguments without Nokia's non-infringement positions. (*Id*.) CT further contends that because Dr. Valerdi's supplementation is limited and merely provides specificity to previously disclosed theories it should be permitted. (*Id*.)

Nokia responds that CT's motion misconstrues the obligations around infringement contentions and the doctrine of equivalents and is not merely a limited refinement of Dr. Valerdi's theories but introduces entirely new theories. (Opp. at 8-11.) Nokia contends that Dr. Valerdi's supplementation focuses on doctrine of equivalents arguments that were never presented in Dr. Valerdi's initial report. (*Id*. at 7-8.) Nokia further argues that it is CT's burden to show infringement, including under doctrine of equivalents, and thus CT should not be permitted to raise these new theories in rebuttal to Nokia's non-infringement arguments. (*Id*.) Further, Nokia contends that it did provide a fulsome response to CT's discovery requests and that this response put CT on notice of Nokia's non-infringement argument. (*Id*. at 9-10.)

The Court finds that CT was not sufficiently diligent in preparing its infringement report. First, there is no dispute that a doctrine of equivalents theory of infringement is properly included in CT's opening infringement report. While many litigants present the doctrine of equivalents as a response to an argument that a limitation is not literally met, this does not entitle CT to a reply report. Second, the Court finds that Nokia's interrogatory response as of October provided

sufficient disclosure of Nokia's non-infringement contentions.[1] In this light, CT has no explanation for its delay until February to prepare its supplemental report.

### B. IMPORTANCE

CT contends its supplemental report is important as it relates to infringement. (Mot. at 6.) Nokia contends that while this theory may be important at trial, it clearly was not important in developing this case for trial. (Opp. at 11-12.)

The Court finds that while an infringement argument is generally important, in view of CT's choice to only pursue this argument on the eve of trial, this factor cannot outweigh the lack of diligence.

### C. PREJUDICE

CT contends its supplemental report will not prejudice Nokia because it merely provides greater specificity and CT has offered Dr. Valerdi up for a limited deposition. (Mot. at 6-7.)

The Court disagrees. The proposed supplementation does significantly more than offer greater specificity. Dr. Valerdi's opening report providing boiler plate reference to the doctrine of equivalents does not reserve some right for CT to provide actual arguments under the doctrine later. Moreover, a limited deposition is far from enough for Nokia to respond to Dr. Valerdi's doctrine of equivalents. A doctrine of equivalents argument is an infringement argument to which Nokia would be permitted to respond, i.e. with a non-infringement report.

### IV. CONCLUSION

For the above provided reasons, the motion is **DENIED**.

**SIGNED this 26th day of March, 2024.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

---

[1] While not dispositive, the Court finds CT's choice to not move to compel Nokia's response to its non-infringement contention interrogatory weighs against CT's complaint here.

3