IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CORRECT TRANSMISSION, LLC | § § § | |
| *Plaintiff*, | § | |
| v. | § § | CIVIL ACTION NO. 2:22-cv-0343-JRG-RSP |
| NOKIA OF AMERICA CORP., | § § § | |
| *Defendant*. | § | |

**MEMORANDUM ORDER**

Before the Court is Plaintiff Correct Transmission, LLC's Motion to Strike Nokia's Untimely December 15, 2023 Source Code Production. (Dkt. No. 168.). After consideration, the Court **DENIES** the motion as provided below.

**I.     BACKGROUND**

On April 7, 2023 Nokia made its source code available for inspection and CT reviewed the source code in May, with Nokia ultimate producing requested printouts on June 9, 2023. (Mot. at 1.) The deadline to complete fact discovery was November 15, 2023. (*Id*.) On December 15, 2023 the parties served rebuttal expert reports. (*Id*. at 2.) Along with Nokia's non-infringement expert report, it provided the complained of source code printouts upon which its experts relied. (*Id*.)

**II.    APPLICABLE LAW**

Rule 26 provides:

*In General.* A party who ... has responded to an interrogatory ... must supplement or correct its disclosure or response: [ ] in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing. Fed. R. Civ. P. 26(e).

Rule 37 provides:

*Failure to Disclose or Supplement.* If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. Fed. R. Civ. P. 37(c)

The Court considers four factors when determining if a Rule 26 violation is "substantially harmless" under Rule 37. Those factors are the (1) importance of the evidence, (2) prejudice to the opposing party of including the evidence, (3) possibility of curing such prejudice by granting a continuance, and (4) explanation for a party's failure to disclose. *See Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 563 (5th Cir. 2004). The party facing Rule 37 sanctions carries the burden of showing its failure to comply with Rule 26 was "substantially justified or harmless." *See Rembrandt Vision Techs. LP v. Johnson & Johnson Vision Care, Inc.*, 725 F.3d 1377, 1381 (Fed. Cir. 2013).

### III.     ANALYSIS

CT contends Nokia "waited until after Correct Transmission made its final election of infringement claims for trial, completed fact discovery, including depositions of Nokia's engineers designated on topics of non-infringement, and after the service of CT's opening infringement report" to produce the source code at issue. (Mot. at 4.) CT contends this prevented CT's experts from considering the code in their reports. (*Id.*)

Nokia responds that it timely produced its source code. (Opp. at 5-6.) Nokia contends that all of the complained of source code was produced and made available for inspection in April 2023. (*Id.* at 6.) Nokia argues that this means CT and its experts had access to the source code, could have printed it out, and could have addressed it in their reports. (*Id.*)

On Nokia's representation that the complained of source code was previously made available for inspection, the Court finds that CT is not prejudiced by Nokia's "production" on December 15, 2023 of the source code cited in rebuttal reports. On Nokia's representation, CT's complaint is thus not that this source code is newly produced, but rather that Nokia had not previously identified it as relevant. CT has not shown prejudice based on when Nokia identified the code as relevant. That CT's experts did not choose to review this source code or did not independently ascertain its importance is not grounds for finding prejudice.

Without prejudice, there is no grounds to strike evidence and thus CT's motion is **DENIED**.

## IV. CONCLUSION

For the reasons provided above, the Court **DENIES** CT's motion to strike.

**SIGNED this 26th day of March, 2024.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE