UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CORRECT TRANSMISSION, LLC, | § | |
| *Plaintiff*, | § § § | Case No. 2:22-cv-00343-JRG-RSP |
| v. | § § | |
| NOKIA OF AMERICA CORPORATION, | § § | |
| *Defendants*. | § | |

## MEMORANDUM ORDER

Before the Court is Correct Transmission's Motion for Leave to Amend its Deposition Designations. (**Dkt. No. 279**.) For the reasons provided below, the Motion is **DENIED**.

### I. BACKGROUND

Previously, Smart Path Connections, LLC, represented by the same counsel as CT, tried a patent case against Nokia. *See Smart Path Connections, LLC v. Nokia of America,* No. 2:22-cv-00343. At trial, Smart Path played a portion of the deposition of Nokia employee Phillipe Bergeon that was previously taken in the *Smart Path* case. (Mot. at 1.) CT now, less than 3 weeks before trial, moves to designate that deposition testimony in this action. (*Id*.)

### II. LEGAL STANDARD

Federal Rule of Civil Procedure 16(b) "authorizes the district court to control and expedite pretrial discovery through a scheduling order." *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990). Under Rule 16, a scheduling order may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This includes deposition designations made in advance of trial.

Trial courts have "broad discretion to preserve the integrity and purpose of the pretrial order" in making the good-cause determination. *Geiserman*, 893 F.2d at 790 (quoting *Hodges v. United States*, 597 F.2d 1014, 1018 (5th Cir. 1979)). The Fifth Circuit considers four factors when determining whether the movant has shown good cause under Rule 16(b)(4): "(1) the explanation for the failure to

1

timely comply with the scheduling order; (2) the importance of the modification; (3) potential prejudice in allowing the modification; and (4) the availability of a continuance to cure such prejudice." *Grant*, 625 F.App'x at 679 (alterations omitted) (quoting *Squyres v. Heico Cos.*, 782 F.3d 224, 237 (5th Cir. 2015)). *CHU de Quebec-Universite Laval v. Dreamscape Dev. Grp. Holdings, Inc.*, No. 4:21-CV-182-SDJ, 2022 U.S. Dist. LEXIS 155176, at *6-7 (E.D. Tex. Aug. 29, 2022).

### III. ANALYSIS

CT argues it originally omitted the testimony at issue because Nokia only designated Bergeon in the *Smart Path* case, but that it is highly relevant and important to this action because it establishes "vital facts about Nokia's source code." (Mot. at 1-2.) CT further contends there is no prejudice to Nokia because Nokia had every opportunity to defend Bergeon's deposition and has already provided counter designations in the *Smart Path* case. (*Id*. at 2.)

Nokia responds that there is no diligence here as CT chose not to go forward with any deposition of Bergeon in this action despite having initially noticed him for deposition. (Opp. at 2.) Nokia contends in this light that CT's argument that Nokia only designated Bergeon in the *Smart Path* action does not demonstrate diligence. (*Id*. at 2-3.)

As to importance, Nokia contends there is little importance since Bergeon testified as to issues live in the *Smart Path* case and not this one. (*Id*. at 3.) Further, Nokia contends that Mr. Bergeon testified he had no familiarity with he Accused Products at issue in this action. (*Id*. at 3-4.)

For prejudice, Nokia principally points to the late stage of this case and that it is now set for trial in less than two weeks. (*Id*. at 4.)

The Court agrees with Nokia. The identification of testimony taken in another action at such a late stage that counsel knew of long before, demonstrates a significant lack of diligence and will materially prejudice the time sensitive trial preparations of the opposing party. Even if Nokia had the opportunity to defend Mr. Bergeon's deposition in another action, that does not mean that it is now

prepared to address that testimony less than two weeks before trial. Nor is the showing of importance persuasive.

### IV. CONCLUSION

For the reasons provided above, the Court **DENIES** CT's motion to amend deposition designations.

**SIGNED this 11th day of May, 2024.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE